IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 24-CR-00091-DHU |
| ) | |
| vs. ) | |
| ) | |
| **TERESA MCCOWN,** ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' SENTENCING MEMORANDUM

Over the course of years, Defendant Teresa McCown owned and operated companies that extracted precious natural resources from lands held in trust by the United States for its tribal nations and for all citizens – and then willfully failed to pay royalties while she profited and spent from what she took. PSR ¶ 17. The Indian leases were all located within the exterior boundaries of the Navajo Nation and the Jicarilla Apache Nation while the federal leases were mostly located on other federal lands. *Id*. at ¶ 19. During that time, Defendant carried on a multi-year scheme to defraud the public by filing false reports or failing to file reports at all, then paying little or nothing at all on royalties due to tribal nations for the precious resources that Defendant extracted and then sold for personal profit. *Id*. at ¶ 15.

As part of her Plea Agreement, Defendant admitted that she was the "person who was required to prepare, maintain, and submit accurate reports, notices, affidavits, records, data, or other written information for extraction under [her] companies' leases," that she "filed and knowingly failed to correct required documents during the charged period," and that she "knowingly and willfully prepared and submitted false, inaccurate, or misleading reports, notices, affidavits, records, data, or other written information" about her leases in violation of 30

U.S.C. § l719(d). Doc. 23. Indeed, the ongoing scheme to defraud the public and personally profit over these years is the conduct to which Defendant pleaded guilty in Count 1 – admitting that she is subject to Criminal Penalties associated with Violations of Federal Royalty Management and Enforcement under 30 U.S.C. § 1720. PSR ¶ 2. By pleading guilty to Count 2-9 of the Indictment, Defendant also admitted that she acted with specific intent to defraud the public by lodging false reports with the Department of the Interior in violation of 18 U.S.C. § 1343, that being Wire Fraud. *Id*.

In consideration of all facts and circumstances, the United States respectfully encourages the Court to accept the parties' Plea Agreement and sentence the Defendant to one day of imprisonment (time-served), three years of supervised release, and to pay full restitution of $208,341.28 – due immediately. *Id*. at ¶ 3, 9. The United States further requests that the Court order liquidation of property listed in paragraph 10 of the Presentence Report to the extent necessary to pay restitution in full. The United States also respectfully suggests that a prior special condition of release continue into Supervised Release; that Defendant not work as a record-keeper or reporter in any industry subject to state or federal reporting or regulatory requirements, including oil and gas companies. Finally, the United States suggests that the high end of the guideline fine is appropriate for this white-collar offense - $40,000. PSR ¶ 99.

### I. LEGAL STANDARD

In imposing a sentence that is sufficient but not greater than necessary, the Court must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or

> vocational training; medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
> (5) any pertinent policy statement;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (7).

## II. ARGUMENT

### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

There are innumerable factual scenarios that can lead to a Defendant to file false or incorrect reports with the United States for their companies' activities – and not all are sinister or criminal. In this case, however, Defendant made it her normal practice to falsify reporting or to avoid filing altogether. *Id*. at ¶ 24. On multiple occasions, she certified that she was submitting truthful information for her companies when she knew she was not. *Id*. at ¶¶ 31-36. More galling, Defendant was not simply getting away with it. Rather, over the course of years, Defendant received administrative notices of noncompliance with rules governing reporting. *Id*. at ¶ 25. When administrative notices went unheeded, Defendant was hit with civil penalties – which she also ignored. *Id*. at ¶ 26-28. She was also directly confronted by federal officials, who set up pre-penalty teleconferences with Defendant to discuss her actions and to gather information about any mitigating circumstances that may have prevented Defendant and her companies with complying with the law. *Id*. In those conversations, she offered no explanation; instead, she gave excuses. *Id*.

Eventually, the United States Attorney's Office served Defendant with a target letter, which was hand-delivered to her by a Special Agent of the Department of the Interior. Even then, she flaunted accountability and continued her self-enrichment. In a sense, she acted as if she truly lived above the law. But no person is. Upon being served with an arrest warrant – the only tool so far that brought Defendant to stand for accountability – she served a night of incarceration pending her initial appearance. Defendant now answers for her conduct by pleading guilty to a federal indictment and making a full admission of the facts that have brought her to this point.

B. **The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes by the defendant.**

Prior attempts at civil remedies did not enhance Defendant's respect for the law or deter her from committing ongoing offenses, or even deter her from committing the same offense over and over. In fashioning the plea agreement's sentence, the parties took into account all of Defendant's criminal conduct, her present personal medical conditions, the paramount interest in providing restitution to tribal nations that were harmed, and the need to protect the public from ongoing crimes by the Defendant. The sentence effectively removes Defendant and her companies from these leases and allows them to be made productive for tribal nations again. It requires an apology to the tribal nations for taking advantage of them. And it makes Defendant's conduct known to the oil and gas industry, thereby protecting the public from her actions and putting industry on notice that the United States will not stand idly by in the face of these kinds of corrupt practices.

C. **The kinds of sentences available and the sentencing range established for this defendant, and the need to avoid unwarranted sentence disparities.**

As part of the Plea Agreement, the United States agrees that a sentence of time served for one day of imprisonment is a sufficient carceral sentence. The PSR calculated Defendant's criminal history category as I and her guideline imprisonment range in Zone A or B of the Sentencing Table. Thus, a sentence other than a sentence of imprisonment is generally appropriate in this case. PSR ¶¶ 86-87.

The Judiciary Sentencing Information system provides that most defendants who are sentenced under USSG § 2B1.1 receive a longer sentence than this Plea Agreement provides. However, that guideline often applies to more physical thefts and stolen property than this case addresses. Because restitution is agreed to, an apology is promised, and a fine remains available, a carceral sentence is not warranted in this case. As such, the proposed sentence does not provide an unwarranted disparity in outcomes.

### III. CONCLUSION

The United States respectfully encourages the Court to accept the parties' plea agreement and sentence Defendant as recommended herein.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Filed Electronically October 16, 2024*
ALEXANDER F. FLORES
Assistant United States Attorney
201 3rd St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused counsel of record to be served by
electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on.

\_\_\_/s/_____
Alexander F. Flores
Assistant U.S. Attorney